**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**ELIMEEN CARTER,**

                **Plaintiff,**

      **-against-**

**CITY OF NEW YORK, NEW YORK CITY**
**HEALTH & HOSPITAL CORPORATION,**
**DWAIN RODRIGUES, ALFONSO BISONO,**
**GERARD ARCHER, BOYCE CARTER,**
**ALEXIS SANCHEZ,** *et al.*

               **Defendants.**

14 Civ. 4236 (VEC)

ECF CASE

**ANSWER TO SECOND AMENDED**
**COMPLAINT AND**
**COUNTERCLAIM FOR CIVIL**
**ASSAULT AND BATTERY**

---

Defendant Dwain Rodrigues ("Mr. Rodrigues"), by and through his undersigned counsel, submits the following answer, affirmative defenses, and counterclaim to the Second Amended Complaint (the "Complaint"), filed September 16, 2014 by Elimeen Carter ("Mr. Carter" or "Plaintiff"), as follows:

<u>**GENERAL DENIALS**</u>

Except as otherwise expressly admitted in the paragraphs below, Mr. Rodrigues denies each and every allegation in the Complaint, and specifically denies any and all wrongdoing and/or liability to the Plaintiff. To the extent any allegation in the Complaint is not specifically and expressly admitted, it is denied. No statement herein constitutes a comment on the legal theories upon which Plaintiff purports to proceed. To the extent the Complaint asserts legal contentions, such legal contentions require no response in this Answer, and this Answer contains no response to legal contentions other than their general denial. To the extent any response is required to the table of contents, headings, footnotes or other unnumbered paragraphs in the

Complaint, Mr. Rodrigues denies all allegations of wrongdoing and/or liability to the Plaintiff contained therein, as follows:

## SPECIFIC RESPONSES TO THE PARAGRAPHS IN THE COMPLAINT

1.     Mr. Rodrigues denies the allegations set forth in paragraph "1." To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

2.     He denies the allegations set forth in paragraph "2." To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

3.     He denies the allegations set forth in paragraph "3" except to admit that Plaintiff purports to seek redress in his Complaint.

4.     The allegations set forth in paragraph "4" of the Complaint set forth conclusions of law to which no response is required.

5.     He denies the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6.     He denies the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff purports to lay venue as stated therein.

7.     The allegations set forth in paragraph "7" constitute a jury demand, to which no response is required.

8.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. He denies the allegations set forth in paragraph "11" of the Complaint, except to admit that he was employed by the Health and Hospitals Corporation ("HHC"), on February 11, 2014. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

12. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

13. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

14. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

15. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

16. He denies the allegations set forth in paragraph "16" of the Complaint, except to admit that Plaintiff was an inmate at Bellevue Hospital Prison Ward, and Mr. Rodrigues was assigned to supervise Plaintiff on February 12, 2014. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

17. He denies the allegations set forth in paragraph "17" of the Complaint.

18.     He denies the allegations set forth in paragraph "18" of the Complaint.  To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

19.     He denies the allegations set forth in paragraph "19" of the Complaint.

20.     He denies the allegations set forth in paragraph "20" of the Complaint.

21.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23.     He denies the allegations set forth in paragraph "23" of the Complaint except to admit that Mr. Rodrigues was assigned to supervise Mr. Carter on February 12, 2014.

24.     He denies the allegations set forth in paragraph "24" of the Complaint except to note that Plaintiff was acting aggressively towards Mr. Rodrigues.

25.     He denies the allegations set forth in paragraph "25" of the Complaint.

26.     He denies the allegations set forth in paragraph "26" of the Complaint.

27.     He denies the allegations set forth in paragraph "27" of the Complaint.

28.     He denies the allegations set forth in paragraph "28" of the Complaint.

29.     He denies the allegations set forth in paragraph "29" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

30.     He denies the allegations set forth in paragraph "30" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

31. He denies the allegations set forth in paragraph "31" of the Complaint.

32. He denies the allegations set forth in paragraph "32" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

33. He denies the allegations set forth in paragraph "33" of the Complaint.

34. He denies the allegations set forth in paragraph "34" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

35. He denies the allegations set forth in paragraph "35" of the Complaint.

36. He denies the allegations set forth in paragraph "36" of the Complaint. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

37. He denies the allegations set forth in paragraph "37" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

38. He denies the allegations set forth in paragraph "38" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

39. He denies the allegations set forth in paragraph "39" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

40.     He denies the allegations set forth in paragraph "40" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

41.     He denies the allegations set forth in paragraph "41" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

42.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.  To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

43.     He denies the allegations set forth in paragraph "43" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

44.     He denies the allegations set forth in paragraph "44" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

45.     He denies the allegations set forth in paragraph "45" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

46.     He denies the allegations set forth in paragraph "46" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph.

47.     He denies the allegations set forth in paragraph "47" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

48. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60.     He denies the allegations set forth in paragraph "60" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

61.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint.

63.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint, except to admit that this action was filed on June 12, 2014.

65.     In response to the allegations set forth in paragraph "65" of the Complaint, Mr. Rodrigues repeats and realleges his responses set forth in the preceding paragraphs of his Answer, as if fully set forth herein.

66.     He denies the allegations set forth in paragraph "66" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

67.     He denies the allegations set forth in paragraph "67" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

68.     He denies the allegations set forth in paragraph "68" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

69.     He denies the allegations set forth in paragraph "69" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

70.     In response to the allegations set forth in paragraph "70" of the Complaint, Mr. Rodrigues repeats and realleges his responses set forth in the preceding paragraphs of his Answer, as if fully set forth herein.

71.     He denies the allegations set forth in paragraph "71" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

72.     He denies the allegations set forth in paragraph "72" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

73.    He denies the allegations set forth in paragraph "73" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

74.    He denies the allegations set forth in paragraph "74" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

75.    He denies the allegations set forth in paragraph "75" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

76.    He denies the allegations set forth in paragraph "76" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

77.    He denies the allegations set forth in paragraph "77" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

78. In response to the allegations set forth in paragraph "78" of the Complaint, Mr. Rodrigues repeats and realleges his responses set forth in the preceding paragraphs of his Answer, as if fully set forth herein.

79. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint.

80. He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

81. He denies the allegations set forth in paragraph "81" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

82. He denies the allegations set forth in paragraph "82" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

83. He denies the allegations set forth in paragraph "83" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

84. In response to the allegations set forth in paragraph "84" of the Complaint, Mr. Rodrigues repeats and realleges his responses set forth in the preceding paragraphs of his Answer, as if fully set forth herein.

85.     He denies the allegations set forth in paragraph "85" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

86.     He denies the allegations set forth in paragraph "86" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

87.     He denies the allegations set forth in paragraph "87" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

88.     He denies the allegations set forth in paragraph "88" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

89.     In response to the allegations set forth in paragraph "89" of the Complaint, Mr. Rodrigues repeats and realleges his responses set forth in the preceding paragraphs of his Answer, as if fully set forth herein.

90.     He denies the allegations set forth in paragraph "90" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

91.     He denies the allegations set forth in paragraph "91" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

92.     He denies the allegations set forth in paragraph "92" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

93.     He denies the allegations set forth in paragraph "93" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

94.     He denies the allegations set forth in paragraph "94" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

95.     He denies the allegations set forth in paragraph "95" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

96.     In response to the allegations set forth in paragraph "96" of the Complaint, Mr. Rodrigues repeats and realleges his responses set forth in the preceding paragraphs of his Answer, as if fully set forth herein.

97.　　He denies the allegations set forth in paragraph "97" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

98.　　He denies the allegations set forth in paragraph "98" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

99.　　He denies the allegations set forth in paragraph "99" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

100.　　He denies the allegations set forth in paragraph "100" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

101.　　He denies the allegations set forth in paragraph "101" of the Complaint.  To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

102.　　He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Complaint. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

103.     He denies the allegations set forth in paragraph "103" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

104.     He denies the allegations set forth in paragraph "104" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

105.     In response to the allegations set forth in paragraph "105" of the Complaint, Mr. Rodrigues repeats and realleges his responses set forth in the preceding paragraphs of his Answer, as if fully set forth herein.

106.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Complaint. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

107.     He denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Complaint. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

108.     He denies the allegations set forth in paragraph "108" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

109.     He denies the allegations set forth in paragraph "109" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

110. He denies the allegations set forth in paragraph "110" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in that paragraph. To the extent that the allegations contained in that paragraph state conclusions or characterizations of law, no response is required.

## RESPONSE TO THE PLAINTIFF'S PRAYER FOR RELIEF

111. Mr. Rodrigues denies any wrongdoing and, except as expressly admitted in Paragraphs "1" through "110" above, denies all allegations set forth in the Complaint, and specifically denies that Plaintiff is entitled to any of the relief prayed for against Mr. Rodrigues.

## DEFENSES

112. Without admitting any of the allegations of the Complaint and without admitting or suggesting that Mr. Rodrigues bears the burden of proof on any of the following issues, and subject to his right to assert any and all additional defenses, Mr. Rodrigues asserts the following separate and independent defenses to the claims asserted against him in the Complaint as well as the relief sought therein. Nothing in this Answer is intended to waive, or should be construed as waiving, any defense that can be raised by Mr. Rodrigues to the claims made (or relief sought) in this action or any claim(s) that may be made (or relief that may be sought) by the Plaintiff. Mr. Rodrigues hereby reserves his rights: (a) to assert other defenses when and if appropriate based on further discovery and other developments in the litigation; and (b) to assert any and all counterclaims against Plaintiff, cross-claims against any or all Defendants, and any or all third-party claims that he may elect to pursue in the future. Failure to include such claims in this Answer shall not serve to waive any right to bring such claims in future pleadings. To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive with

another defense asserted herein or to be asserted in the future, such Defense is asserted in the alternative to the other.

## FIRST DEFENSE

113.     The Complaint fails to state a claim against Mr. Rodrigues upon which relief may be granted.

## SECOND DEFENSE

114.     The claims asserted by Plaintiff against Mr. Rodrigues fail because Plaintiff lacks competence to bring this suit.

## THIRD DEFENSE

115.     The claims asserted by Plaintiff against Mr. Rodrigues fail because Mr. Rodrigues acted in self-defense to prevent Plaintiff's imminent threat of unlawful force or harm, assault, and battery upon Mr. Rodrigues' person.

## FOURTH DEFENSE

116.     The claims asserted by Plaintiff against Mr. Rodrigues fail because Mr. Rodrigues acted in honest defense of perceived fear of harm to other patients and staff at the Bellevue Hospital Prison Ward.

## FIFTH DEFENSE

117.     The claims asserted by Plaintiff against Mr. Rodrigues fail because Mr. Rodrigues did not harm or provoke Plaintiff.

## SIXTH DEFENSE

118.     The claims asserted by Plaintiff against Mr. Rodrigues fail because Mr. Rodrigues had no reasonable chance of retreating or escaping the situation, due to Mr. Rodrigues' duty to supervise Mr. Carter one-to-one and duty to prevent Mr. Carter from hurting other patients and staff at the Bellevue Hospital Prison Ward, on both February 11 and 12, 2014.

## SEVENTH DEFENSE

119.     The claims asserted by Plaintiff against Mr. Rodrigues fail because Mr. Rodrigues did not intend to hurt Plaintiff, but only sought to prevent Plaintiff from using his concealed weapon to hurt himself or another patient or staff member at the Bellevue Hospital Prison Ward.

## EIGHTH DEFENSE

120.     The claims asserted by Plaintiff against Mr. Rodrigues fail because Mr. Rodrigues followed HHC procedure by seeking help or assistance from other Bellevue Hospital Prison Ward staff members and seeking assistance through the crisis protocol.

## NINTH DEFENSE

121.     The claims asserted by Plaintiff against Mr. Rodrigues fail because Mr. Carter lacks injuries sustained as a result of the alleged incidents.  On both February 11 and 12, 2014, within minutes of the alleged incidents, Mr. Carter was able to get up and walk away from his room, without any assistance from the Bellevue Hospital Prison Ward staff.

## TENTH DEFENSE

122.     The claims asserted by Plaintiff against Mr. Rodrigues fail because of Plaintiff's contributory negligence.  Plaintiff's use of a concealed weapon and his threats against Mr. Rodrigues were negligent and placed Mr. Rodrigues under severe emotional distress and in imminent fear of serious injury to his person, particularly when Mr. Rodrigues had been previously stabbed by inmates who used concealed weapons such as sharpened combs, during Mr. Rodrigues' tenure at the Bellevue Hospital Prison Ward.

## COUNTERCLAIM

123.     Defendant and Counterclaim-Plaintiff, Dwain Rodrigues ("Mr. Rodrigues"), by and through his undersigned counsel, brings this counterclaim against Plaintiff and Counterclaim-Defendant Elimeen Carter ("Mr. Carter"), for assault and battery, because Mr.

Carter threatened to cut Mr. Rodrigues' face and kill Mr. Rodrigues numerous times before the alleged incidents between Mr. Carter and Mr. Rodrigues. Mr. Carter also used a concealed weapon to intentionally place Mr. Rodrigues in fear of imminent harmful or offensive contact, and tackled Mr. Rodrigues, lifting Mr. Rodrigues into the air, without Mr. Rodrigues' permission.

## PARTIES

124.    Defendant and Counterclaim Plaintiff, Dwain Rodrigues, is an individual resident of Saint Albans, New York, which is a community within the borough of Queens in the City of New York.

125.    Plaintiff and Counterclaim-Defendant, Elimeen Carter, is a resident of the City of New York, and at the time of the events in question, Mr. Carter was in custody at the Bellevue Hospital Prison Ward facility located at 462 First Avenue, New York, New York.

## JURISDICTION AND VENUE

126.    This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367 because it involves the same case or controversy as the claims asserted by Plaintiff and derives from a common nucleus of operative facts.

127.    Venue is proper in this District under 28 U.S.C. § 1391 because this is the judicial district (i) where Counterclaim-Defendant Mr. Carter resides; and (ii) where a substantial part of the events giving rise to the claims occurred.

## FACTUAL BACKGROUND

128.    Mr. Rodrigues has been employed by HHC for ten years without any disciplinary proceedings on his record, despite having worked with numerous violent, dangerous, and aggressive inmates and patients at the Bellevue Hospital Prison Ward throughout his ten-year tenure at the HHC.

129.    In Mr. Rodrigues' 2012-2013 employee performance review, Mr. Rodrigues received a rating of Satisfactory Plus.

130.    In Mr. Rodrigues' 2011-2012 employee performance review, Mr. Rodrigues received a rating of Satisfactory.

131.    In Mr. Rodrigues' 2010-2011 employee performance review, Mr. Rodrigues received a rating of Superior. The 2010-2011 performance review further stated, inter alia, that Mr. Rodrigues was highly motivated and developed good rapport and a therapeutic relationship with patients.

132.    Patients and inmates other than Mr. Carter were permitted to leave their rooms and walk in the hallways of the Bellevue Hospital Prison Ward during designated hours between 8:00 a.m. and 10:00 p.m.  However, Mr. Carter did not receive this privilege.  Mr. Carter was not permitted to leave his room without supervision because Mr. Carter was a danger to other patients and staff at the Hospital, due to his numerous prior incidents of aggression and violent behavior towards Department of Corrections Officers, staff of the Bellevue Hospital Prison Ward, and other patients and inmates.

133.    Mr. Carter was involved in several other altercations and incidents of violence and aggression with other patients and staff both before and after February 11 and 12, 2014.

134.    For this reason, Mr. Carter was assigned to supervision by Bellevue Hospital Prison Ward staff on a one-to-one basis, and Mr. Carter was not permitted to leave his room without permission from his one-to-one supervisor.

135.    On the morning of February 11, 2014, Mr. Rodrigues was assigned to supervise Mr. Carter one-to-one.  Shortly after Mr. Rodrigues began his supervision of Mr. Carter on that day, Mr. Carter attempted to leave his room to go to the shower, completely naked and without

wearing any clothes, even though Mr. Carter knew that no patient was permitted to leave his room and enter the hallway while undressed, and that there were female staff members in the hallway. Mr. Rodrigues told Mr. Carter that walking in the hallway naked was not permitted.

136. Mr. Carter then left his room while wearing nothing but a towel wrapped around his waist, even though he knew that no patient was permitted to leave his room while undressed.

137. Shortly thereafter, Mr. Carter used a roll of paper towels and/or toilet paper to conceal a black-colored weapon with a long and thin shape within his left hand. Mr. Carter then left his room, wearing nothing but a towel wrapped around his waist, and raised the concealed weapon contained in his left hand within close proximity to Mr. Rodrigues' face, to physically threaten Mr. Rodrigues with imminent harmful or offensive contact.

138. Mr. Rodrigues responded by stopping Mr. Carter from using the concealed weapon. Mr. Carter did not let go of the weapon until Mr. Carter was lying on the floor of the hallway outside of Mr. Carter's room. During the entire interaction, Mr. Carter remained naked except for the towel wrapped around Mr. Carter's waist. The towel did not fall off Mr. Carter at any time.

139. Mr. Carter then got up and walked down the hall on his own feet, without any assistance from Bellevue Hospital Prison Ward staff. As Mr. Carter walked away, he left his concealed weapon on the floor of the hallway outside his room.

140. Mr. Rodrigues was then assigned to continue to supervise Mr. Carter, one-to-one from 8:00 a.m. until approximately 12:00 p.m. on February 11, 2014, even though Mr. Rodrigues requested that he not be assigned to Mr. Carter.

141.     Bellevue Hospital Prison Ward officials ordered Mr. Carter to spend the entire night from February 11, 2014 through February 12, 2014 in the seclusion room because Mr. Carter continued to be very disrespectful towards staff.

142.     Mr. Carter remained highly agitated on the morning of February 12, 2014.

143.     Mr. Rodrigues was assigned to supervise Mr. Carter one-to-one on the morning of February 12, 2014, even though Mr. Rodrigues requested that he not be assigned to Mr. Carter, based on the physical contact from the previous day.

144.     Beginning at approximately 7:00 a.m. on February 12, 2014, Mr. Carter began to verbally threaten Mr. Rodrigues several times.

145.     Correction Officer Archer witnessed Mr. Carter's threats to Mr. Rodrigues. During his threats to Mr. Rodrigues, Mr. Carter took on the position of a karate stance, challenging Mr. Rodrigues to fight, and the female HHC staff member, who was watching the interaction between Mr. Carter and Mr. Rodrigues, got up and moved out of the area in fear for her own safety.

146.     Correction Officer Archer then approached Mr. Carter's room and gave Mr. Carter several Orders to step back and remain in his room. After several Orders, Mr. Carter complied with Correction Officer Archer's Orders.

147.     Then, in defiance of Correction Officer Archer's direct Orders to stay in his room, Mr. Carter ran outside his room with his hands up in a fighting motion and karate stance, and again threatened Mr. Rodrigues.

148.     Mr. Carter then proceeded to tackle Mr. Rodrigues, by grabbing Mr. Rodrigues with both arms around his waist, without Mr. Rodrigues' consent, and lifting Mr. Rodrigues' entire body clear off the floor in order to throw him onto the floor.  Mr. Carter's attack on Mr.

Rodrigues was in direct contravention of Correction Officer Archer's Orders to Mr. Carter to stay in his room.

149. During the ensuing incident, Mr. Carter attacked and punched Mr. Rodrigues several times in Mr. Rodrigues' upper torso and face area, despite Correction Officer Archer's direct Order to Mr. Carter to remain in his room and stop assaulting and threatening HHC Staff.

150. Mr. Carter's punches of Mr. Rodrigues were in direct opposition to the Court Order directing him to obey all orders by HHC staff and corrections officers during his stay at Bellevue Hospital Prison Ward.

151. Within minutes of this incident, Mr. Carter was able to walk out of his room and down the hall on his own feet, without any assistance from Bellevue Hospital Prison Ward staff.

## FIRST CLAIM FOR RELIEF

### Civil Assault and Battery under New York common law

152. Mr. Rodrigues repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

153. Under New York law, "an assault is 'an intentional placing of another person in fear of imminent harmful or offensive contact.'" Figueroa v. Mazza, No. 11-CV-3160, 2014 WL 4853408, at *6 (E.D.N.Y. Sept. 30, 2014).

154. "Under New York law, battery is defined as intentional wrongful physical contact with another person without consent." Franco v. Diaz, No. 14-CV-1909 ILG RER, 2014 WL 4494470, at *9 (E.D.N.Y. Sept. 12, 2014).

155. In assaulting Mr. Rodrigues, Mr. Carter verbally threatened Mr. Rodrigues, stating numerous times that he was "gonna cut him up" and "kill" him.

156. Mr. Carter intentionally placed Mr. Rodrigues in imminent fear of harmful or offensive contact through Mr. Carter's numerous verbal threats to kill Mr. Rodrigues, the use of

toilet paper and/or paper towels to conceal a long and thin weapon in Mr. Carter's left hand on February 11, 2014, and Mr. Carter's fighting stances and karate positions on February 12, 2014, after Mr. Carter had previously promised to cut up and kill Mr. Rodrigues several times.

157.    Mr. Carter committed an assault on Mr. Rodrigues because Mr. Carter had no authority and did not seek permission from Mr. Rodrigues, before using a concealed weapon that was covered with toilet paper and/or paper towels and raising the weapon in close proximity to Mr. Rodrigues' face, after Mr. Carter had previously made numerous verbal threats to cut Mr. Rodrigues' face. Mr. Carter's use of a concealed weapon was a willful, unlawful, unwarranted, and intentional assault upon Mr. Rodrigues.

158.    Mr. Carter committed a battery on Mr. Rodrigues on February 12, 2014 because Mr. Carter had no authority and did not seek permission from Mr. Rodrigues, before Mr. Carter tackled Mr. Rodrigues and lifted him clear off the ground in order to throw Mr. Rodrigues on to the floor. Mr. Carter's tackling of Mr. Rodrigues was a willful, unlawful, unwarranted, and intentional assault and battery upon Mr. Rodrigues.

159.    Notwithstanding the prior direct Orders from Officer Archer to stay in the room, and without any provocation from Mr. Rodrigues, Mr. Carter left his room and attacked Mr. Rodrigues, punching Mr. Rodrigues several times in the torso and face area. Mr. Carter's punching of Mr. Rodrigues was a willful, unlawful and intentional assault and battery upon Mr. Rodrigues.

160.    As a direct and proximate result of Mr. Carter's unlawful conduct, Mr. Rodrigues sustained several injuries, including pain in his right shoulder, right elbow, right neck, lower back, right buttock, and right posterior thigh, over the course of the next several days.

161.    Mr. Rodrigues' injuries to his right elbow were painful even with minimal physical activity, with significantly decreased range of motion.

162.    Mr. Rodrigues' right shoulder returned a positive diagnosis for impingement.

163.    Mr. Carter's attack on Mr. Rodrigues rendered Mr. Rodrigues totally disabled, requiring physical therapy three times per week, including hot/cold packs, medical massages, ultrasound, high voltage electrical stimulation, and special exercises to his cervical spine, right shoulder, right elbow, and lumbosacral spine.

164.    Mr. Rodrigues remained totally disabled during several follow-up visits to his doctor in May, June, and August, 2014, despite undergoing the prescribed physical therapy regimen. Mr. Rodrigues has significant pain caused from the injuries inflicted by Mr. Carter, including, neck and upper back pain, right shoulder pain, right elbow pain, and mid-lower back pains, all of which are aggravated by any physical activity.

165.    Seven months after inmate Carter's assault on him, Mr. Rodrigues remained partially disabled to a moderate degree, with pain in his neck, right shoulder, and lower back.

## PRAYER FOR RELIEF

WHEREFORE, reserving the right to seek additional damages as available, Mr. Rodrigues respectfully requests that a final judgment be entered in his favor:

- dismissing the Complaint against Mr. Rodrigues with prejudice;

- denying in its entirety the relief Plaintiff seeks against Mr. Rodrigues in the Complaint;

- an order awarding compensatory damages to Mr. Rodrigues in an amount to be determined at trial;

- an order awarding punitive damages in an amount to be determined at trial; and

- granting Mr. Rodrigues such other and further relief as the Court deems just and proper, including attorneys' fees, interest, costs, and disbursements of this action.

## **JURY DEMAND**

Mr. Rodrigues demands a trial by jury for all claims so triable.

Dated: December 17, 2014
New York, New York

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

 /s/ Timothy Q. Li

Marc L. Greenwald
Timothy Q. Li

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
marcgreenwald@quinnemanuel.com
timothyli@quinnemanuel.com

*Attorneys for Defendant Dwain Rodrigues*

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2014, I caused a true and correct copy of Dwain

Rodrigues' Answer to the Complaint to be served by electronic means, via the Court's CM/ECF

system, on all counsel registered to receive electronic notification.


Dated:  December 17, 2014                     QUINN EMANUEL URQUHART
        New York, New York                    & SULLIVAN, LLP

                                               /s/ Timothy Q. Li_____

                                              Marc L. Greenwald
                                              Timothy Q. Li

                                              51 Madison Avenue, 22nd Floor
                                              New York, New York 10010
                                              Telephone: (212) 849-7000
                                              Facsimile: (212) 849-7100
                                              marcgreenwald@quinnemanuel.com
                                              timothyli@quinnemanuel.com

                                              *Attorneys for Defendant Dwain Rodrigues*